IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11055
Conference Calendar

_____

DANIEL HUEREQUE-MERCADO,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1166-R
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Huereque-Mercado (Huereque), federal prisoner
# 11805-051, appeals the district court's dismissal of his 28
U.S.C. § 2241 petition for lack of subject-matter jurisdiction.
Huereque argues that habeas corpus jurisdiction was proper in the
district court.  He also argues the merits of his 28 U.S.C.
§ 2241 petition.

The permanent provisions of the Illegal Immigration Reform
and Immigrant Responsibility Act (IIRIRA) apply to the instant
case because the removal proceedings against Huereque commenced

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

after April 1, 1997.  See Max-George v. Reno, 205 F.3d 194, 197

n.3 (5th Cir.), petition for cert. filed, (U.S. Aug. 23, 2000)

(No. 00-6280).

Huereque was found removable based on his conviction for

possession with intent to distribute more than 100 kilograms of

marihuana in violation of 21 U.S.C. §§ 841(b)(1)(B).  This court

held in Max-George that the "IIRIRA's permanent provisions

eliminate § 2241 habeas corpus jurisdiction for those cases that

fall within [8 U.S.C.] § 1252(a)(2)(C)."  Max-George, 205 F.3d at

199.  Because Huereque's order of removal falls within the

provisions set forth in 8 U.S.C. § 1252(a)(2)(C), the district

court lacked subject-matter jurisdiction to consider the instant

28 U.S.C. § 2241 petition.

Accordingly, the district court's judgment of dismissal is

AFFIRMED.